IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS WALKER, PAUL
CARBONNEAU, KENNEDY WILLIAMS,
SHAWDARE THOMAS and on behalf
of all other persons similarly situated,                           ORDER

                      Petitioners,

                                                         08-cv-233-bbc

         v.

STATE OF WISCONSIN, JAMES DOYLE,
Governor, JOHN VOELKER, Director of
State Courts, JOHN AND JANE DOE and
all other persons, officers, agents, servants,
employees, agencies or political subdivisions,
their successors and predecessors, who or which
have and/or are aiding, abetting, assisting, acting
in active concert, or cooperating with them, et al.,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This is a group action brought by four patients who are presently confined at the

Wisconsin Resource Center in Winnebago, Wisconsin.  In their proposed complaint,

petitioners challenge the constitutionality of their confinement as "sexually violent persons"

under Wisconsin Statutes Chapter 980.  Each asks for leave to proceed in forma pauperis.

      In support of their requests to proceed in forma pauperis, each petitioner has

1

submitted an affidavit of indigency in which he states that he is indigent; that he is not employed; that he does not own a home or vehicle; that he is a "dependent and ward of the state"; and that he does not receive social security or any other income. Each states also whether he has savings, checking or other accounts, and the amounts in those accounts. Only petitioner Walker has attached to his affidavit a copy of his resident account statement for a six-month period.

This court uses one method for determining the indigent status of all institutionalized persons, even those like petitioners who are not subject to the 1996 Prison Litigation Reform Act. See Longbehn v. United States, 169 F.3d 1082 (7th Cir. 1999). From a six-month resident account statement covering the full six-month period immediately preceding the filing of the petitioner's complaint, the court calculates two amounts, 20% of the petitioner's average monthly income and 20% of the petitioner's average monthly balance. Whichever amount is greater is the amount the petitioner will have to prepay toward the $350 filing fee. He will qualify for indigent status with respect to the remainder of the fee. (The in forma pauperis statute does not permit a court to waive entirely a petitioner's obligation to pay filing fees. All it does is allow a court to grant qualifying individuals leave to proceed without *prepaying* some or all of the filing fee.) Petitioners Carbonneau, Williams and Thomas have not provided resident account statements in support of their requests for leave to proceed in forma pauperis. They will have to do so if they intend to pursue their requests.

2

From the statement petitioner Walker submitted, I conclude that he presently has no means with which to prepay any of the fees and costs associated with filing this action. Although he will not be required to prepay any portion of the filing fee, petitioner Walker remains jointly responsible for payment of whatever balance of the fee that remains after the other petitioners' indigence has been determined.

Petitioners Carbonneau, Williams and Thomas may have until May 16, 2008, in which to submit resident account statements for the period beginning approximately October 19, 2007 and ending approximately April 19, 2008. If, by May 16, any petitioner fails to submit the required statement, I will dismiss that petitioner from the case.

Following prepayment of all additional amounts required, the court will review the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether this action is frivolous or malicious, fails to state a claim on which relief may be granted or seeks money damages against a defendant who is immune from such relief.

As a final matter, petitioners should be aware that each will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are found warranted in any aspect of the case.

ORDER

3

IT IS ORDERED that

1.  A decision on the requests of petitioners Carbonneau, Williams and Thomas to proceed in forma pauperis are STAYED.  Each may each have until May 16, 2008 in which to submit a resident account statement covering the period beginning approximately October 19, 2007 and ending approximately April 19, 2008.  If, by May 16, 2008, any one or more of these petitioners fails to submit the required statement, that petitioner will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

2.  Petitioner Walker will not be required to prepay any portion of the fees and costs associated with filing this lawsuit because his resident account statement shows he has no means to make such a prepayment.

3.  Following resolution of the financial status of each petitioner, the court will take under advisement petitioners' complaint for review under 28 U.S.C. § 1915(e)(2).

Entered this 25th day of April, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4