IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS WALKER, PAUL
CARBONNEAU, KENNEDY WILLIAMS,
 and on behalf of all other persons similarly situated,           ORDER

                      Petitioners,

                                                                                              08-cv-233-bbc

       v.

STATE OF WISCONSIN, JAMES DOYLE,
Governor, JOHN VOELKER, Director of
State Courts, JOHN AND JANE DOE and
all other persons, officers, agents, servants,
employees, agencies or political subdivisions,
their successors and predecessors, who or which
have and/or are aiding, abetting, assisting, acting
in active concert, or cooperating with them, et al.,

                      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action brought pursuant to 42 U.S.C. § 1983, petitioners are patients who have been civilly committed under Wis. Stat. ch. 980 as "sexually violent persons." They seek leave to proceed in forma pauperis under 28 U.S.C. § 1915. In previous orders, I concluded that petitioner Marcellous Walker did not have the means to make an initial partial payment in accordance with § 1915(b)(3); I directed petitioners Paul

1

Carbonneau and Kennedy Williams to make initial partial payments, which the court has received.

In addressing any pro se litigant's complaint, the court must construe the complaint liberally. Haines v. Kerner, 404 U.S. 519, 521 (1972). However, if the action is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, the case must be dismissed promptly pursuant to 28 U.S.C. §1915(e)(2).

I cannot allow petitioners to proceed because their claim is not cognizable under § 1983. Although petitioners' 10-page single-spaced, typed complaint is long, rambling and filled with unnecessary legalese, one thing is clear in their complaint: they are challenging the validity of their confinement, something they must do under the habeas corpus statute, 28 U.S.C. § 2254. Preiser v. Rodriguez, 411 U.S. 475 (1973).

Petitioners are careful in their extensive list of requested items of relief not to expressly seek release from confinement. However, that is not the test to determine whether § 2254 or § 1983 is the appropriate vehicle for bringing a suit. Rather, it is whether success on the claim would "necessarily imply" that the plaintiffs were being detained unlawfully. Heck v. Humphrey, 512 U.S. 477 (1994). In other words, it is not the relief requested by the plaintiff that matters, but the nature of his injury. Clayton-El v. Fisher, 96 F.3d 236, 242 (7th Cir. 1996).

In this case petitioners are challenging the validity of Wis. Stat. §§ 980.01(7), 980.06 and 980.09, which are the statutes governing the civil commitment and release of sexually violent persons. If these statutes are invalid, the state would have no authority to detain petitioners. Thus, if petitioners believe these statutes are unconstitutional, they must first exhaust their state judicial remedies and, if that is not successful, file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Until they have successfully challenged their confinement through those means, they may not seek damages under § 1983.

ORDER

IT IS ORDERED that this case is DISMISSED because petitioners' claim is not cognizable under 42 U.S.C. § 1983.

Entered this 20th day of June, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

3