IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MARCELLOUS WALKER, PAUL
CARBONNEAU, KENNEDY WILLIAMS,
 and on behalf of all other persons similarly situated,                    ORDER

                              Petitioners,
                                                                08-cv-233-bbc

                v.

STATE OF WISCONSIN, JAMES DOYLE,
Governor, JOHN VOELKER, Director of
State Courts, JOHN AND JANE DOE and
all other persons, officers, agents, servants,
employees, agencies or political subdivisions,
their successors and predecessors, who or which
have and/or are aiding, abetting, assisting, acting
in active concert, or cooperating with them, et al.,

                              Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On June 20, 2008, I dismissed this case  because petitioners' claim is not cognizable

under § 1983.  Petitioners are challenging the validity of their confinement, something they

must do under the habeas corpus statute, 28 U.S.C. § 2254.  Preiser v. Rodriguez, 411 U.S.

475 (1973).  Now, petitioners have filed a notice of appeal, which I construe to include a

request to proceed in forma pauperis on appeal.  As I have found previously, petitioners are

1

not subject to the Prisoner Litigation Act of 1996 because they are not prisoners.  Therefore, pursuant to Fed. R. App. P. 24(a)(3), they may proceed in forma pauperis on appeal because they were allowed to proceed in forma pauperis in this court unless I certify that the appeal is not taken in good faith.

In this case, I must certify that petitioners' appeal is not taken in good faith.  On June 20, 2008, I advised petitioners that their claim is not cognizable under 42 U.S.C. § 1983 because they are actually challenging the validity of their detention.  As I explained, they must first exhaust their state court remedies and, if that is not successful, file petitions for writs of habeas corpus under 28 U.S.C. § 2254.  Because the law is clear that the claim petitioners wish to raise on appeal is a claim that is not cognizable under 42 U.S.C. § 1983, their request for leave to proceed in forma pauperis on appeal will be denied and I will certify that their appeal is not taken in good faith.

If petitioners intend to challenge this court's certification that their appeal is not taken in good faith, they have 30 days from the date they receive this order in which to file with the court of appeals a motion for leave to proceed in forma pauperis on appeal.  Their motion must be accompanied by a copy of the affidavit prescribed in the first paragraph of Fed. R. App. P. 24(a) and a copy of this order.

ORDER

IT IS ORDERED that petitioners' request for leave to proceed in forma pauperis on appeal is DENIED (dkt. # 16)  and I certify that petitioners' appeal is not taken in good faith.

Entered this 1st day of July, 2008.

BY THE COURT:

_Barbara B. Crabb_

BARBARA B. CRABB
District Judge

3